IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:20-CR-107-KAC-HBG |
| JONATHAN DESHAWN JONES, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. This case is before the Court on the Motion of the Defendant Jonathan Jones for the Appointment of Substitute Counsel [Doc. 77], filed on April 4, 2021. The parties appeared by video conference for a motion hearing on April 12, 2021. Assistant United States Attorney David P. Lewen appeared by video on behalf of the Government. Attorney Rachel L. Wolf appeared by video, as did Defendant Jones.

The Court appointed Ms. Wolf to represent the Defendant at his initial appearance on December 22, 2021 [Doc. 51]. In the instant motion, Ms. Wolf states the attorney-client relationship is irreparably damaged and that Defendant Jones has instructed her to move for substitute counsel. At the hearing, Defendant Jones affirmed that he still wanted new counsel. AUSA Lewen said the Government had no objection to the motion; however, he observed that Ms. Wolf has advocated diligently for Defendant Jones.

Based on the representations by Defendant and counsel in the motion, the Court finds that a breakdown has occurred in the trust necessary to the attorney-client relationship. The Court also finds this loss of trust compromises Ms. Wolf's ability to present a defense or render effective assistance of counsel. Based upon the motion, the Court concludes that the breach of trust in the attorney-client relationship is irreparable. Accordingly, the Court finds that good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon good cause shown, defense counsel's motion to substitute counsel [**Doc. 77**] is **GRANTED**, and Ms. Wolf is relieved as counsel of record for the Defendant. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Ms. Wolf is **DIRECTED** to provide the discovery and the information from the Defendant's file to new counsel soon as possible. The Court recognizes the need for the Defendant to be represented continuously by counsel. Attorney Forrest L. Wallace was present by video and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS** Mr. Wallace under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Jonathan Jones. The Court encourages the Defendant to make every effort to work with Mr. Wallace through the remainder of this case. The Court also admonished Defendant Jones that it would not substitute counsel again, absent a substantial showing of good cause.

Accordingly, it is **ORDERED**:

(1) The Motion of the Defendant Jonathan Jones for the Appointment of Substitute Counsel [**Doc. 77**] is **GRANTED**;

(2) Attorney Rachel L. Wolf is **RELIEVED** of her representation of Defendant Jones and is **DIRECTED** to provide all discovery and the information from Defendant's file to new counsel as soon as possible; and

(3) Attorney Forrest L. Wallace is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Jones pursuant to the CJA.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge